# IN THE UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF ARKANSAS
# NORTHERN DIVISION

RONALD PARKER, *et. al*
ADC #129702                                                                              PLAINTIFFS

V.                              CASE NO. 1:08cv00021 SWW/BD

LARRY NORRIS *et. al*                                                                    DEFENDANTS

## RECOMMENDED DISPOSITION

**I.**     **Procedure for Filing Objections:**

The following recommended disposition has been sent to United States District Judge Susan Webber Wright. Any party may serve and file written objections to this recommendation. Objections should be specific and should include the factual or legal basis for the objection. If the objection is to a factual finding, specifically identify that finding and the evidence that supports your objection. An original and one copy of your objections must be received in the office of the United States District Court Clerk no later than eleven (11) days from the date you receive the Recommended Disposition. A copy will be furnished to the opposing party. Failure to file timely objections may result in waiver of the right to appeal questions of fact.

Mail your objections and "Statement of Necessity" to:

> Clerk, United States District Court
> Eastern District of Arkansas
> 600 West Capitol Avenue, Suite A149
> Little Rock, AR 72201-3325

**II.     Background:**

Plaintiffs Ronald Parker and Bryant McConnell, inmates at the Arkansas Department of Correction ("ADC"), initially brought this lawsuit pro se under 42 U.S.C. § 1983 along with applications to proceed *in forma pauperis* (docket entries #1 and #2). Because Plaintiffs failed to provide complete applications to proceed *in forma pauperis*, the Court denied their applications and provided Plaintiffs an additional thirty days to file complete applications (#5). Plaintiff Ronald Parker has now filed a complete application to proceed *in forma pauperis* (#9) as well as an Amended Complaint (#10).

In the Complaint and the Amended Complaint, Plaintiff Parker claims that Defendants have violated his constitutional rights by discriminating against him based upon his sexual orientation. Plaintiff Parker claims that because he is a homosexual inmate, he has been continually threatened and harassed while housed at the East Arkansas Regional Unit of the ADC. He also alleges that, because of his sexual orientation, he has been placed in punitive isolation for "no reason at all" and has been disciplined for "unnecessary reasons." Plaintiff requests monetary damages as well as permission to continue to correspond with his life partner, Bryant McConnell.

Based on Plaintiff's Complaint and Amended Complaint, the Court finds that Plaintiff has failed to state a cognizable claim under 42 U.S.C. § 1983. Accordingly, the Court recommends DISMISSAL of Plaintiff's Complaint (#3) and Amended Complaint

(#10). The Court also recommends that Plaintiff's application to proceed *in forma pauperis* (#9) be DENIED as moot.

### III. Discussion:

#### A. *Standard*

Federal courts are required to screen prisoner complaints seeking relief against a governmental entity, officer, or employee. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint or portion thereof if the prisoner has raised claims that are frivolous, malicious, fail to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C § 1915A(b).

To state a cognizable claim under 42 U.S.C. § 1983, a plaintiff must allege that the conduct of a defendant acting under color of state law deprived him of a right, privilege, or immunity secured by the federal Constitution or laws of the United States. 42 U.S.C. § 1983. While a court must accept the factual allegations in the complaint as true and hold a plaintiff's pro se complaint "to less stringent standards than formal pleadings drafted by lawyers," *Haines v. Kerner*, 404 U.S. 519, 520-21 (1972) (*per curiam*), a plaintiff still must assert facts sufficient to state a claim as a matter of law. *Martin v. Sargent*, 780 F.2d 1334, 1337 (8th Cir. 1985).

#### B. *Plaintiff McConnell*

On April 10, 2008, Separate Plaintiff McConnell filed an incomplete application to proceed *in forma pauperis* in this matter. On April 14, 2008, the Court ordered Plaintiff

McConnell to file a complete application to proceed in forma pauperis within thirty days (#5).  Plaintiff McConnell has failed to do so.  Because Plaintiff McConnell has neither filed a complete application to proceed *in forma pauperis,* nor has he paid his filing fee, all claims made by Plaintiff McConnell should be dismissed without prejudice.

    C.    *Defendant Norris*

In order to establish § 1983 liability against an individual supervisor, a plaintiff must prove some personal involvement on the part of the defendant in the constitutional violation.  *Clemmons v. Armontrout*, 477 F.3d 962, 967 (8th Cir. 2007).  Here, Plaintiff Parker has not alleged that Defendant Norris had any personal involvement in any of the events he claims violated his constitutional rights.  Based upon the allegations contained in the Complaint and Amended Complaint, it appears that Plaintiff seeks to impose liability on Defendant Norris based solely on his status as a supervisor.  However, such claims are predicated on a theory of respondeat superior, a theory which does not apply to claims brought under 42 U.S.C. § 1983.  *Marchant v. City of Little Rock*, 741 F.2d 201, 204-05 (8th Cir. 1984).  "Liability under § 1983 requires a causal link to, and direct responsibility for, the deprivation of rights."  *Madewell v. Roberts*, 909 F.2d 1203, 1208 (8th Cir. 1990).  An individual cannot be held liable solely on the action or inactions of his subordinate.  *Boyd v. Knox*, 47 F.3d 966, 968 (8th Cir. 1995).

Plaintiff's Complaint and Amended Complaint fail to include any references to specific acts or omissions by Defendant Norris.  In addition, Plaintiff does not reference

Defendant Norris in the grievances he attaches to his Complaint. Accordingly, all claims against Defendant Norris should be dismissed.

      D.    *Defendant Meinzer*

Plaintiff alleges that Defendant Curtis Meinzer violated his constitutional rights by continually harassing and verbally threatening him. However, verbal abuse and threatening conduct generally are not actionable under § 1983. See *Martin v. Sargent*, 780 F.2d 1334, 1338 (8th Cir. 1985). The Eighth Circuit has held that a threat amounts to a constitutional violation only when it is so brutal or wantonly cruel as to shock the conscience. See *Burton v. Livingstone*, 791 F.2d 97 (8th Cir. 1986) and *Hopson v. Fredericksen*, 961 F.2d 1374, 1378-9 (8th Cir. 1992) (holding that verbal threats do not amount to constitutional violations unless they rise to the level of a brutal and wanton act of cruelty). Here, Plaintiff alleges that Defendant Meinzer said he could "mess with [Plaintiff]" and "stop [Plaintiff] from going up for parole," and that he continually treated Plaintiff with disrespect. Plaintiff's allegations against Defendant Meinzer fall far short of being so brutal or wantonly cruel as to shock the conscience; if true, the actions at best constitute unprofessional conduct.

Further, Plaintiff alleges that Defendant Meinzer acted in violation of the ADC policy that requires all employees to "maintain a courteous and respectful attitude in dealing with . . . inmates." There is no federal Constitutional liberty interest in having state officers follow state law or procedure. *Kennedy v. Blankenship*, 100 F.3d 640, 643

(8th Cir. 1996) (citing *Olim v. Wakinekona*, 461 U.S. 238, 250, 103 S.Ct. 1741, 1748 (1983)).  Accordingly, Plaintiff's claims against Defendant Meinzer fail.

      E.      *Defendant Evans*

In his Amended Complaint, Plaintiff seems to argue that Defendant Evans has violated his constitutional rights by denying Plaintiff the right to have his name legally changed.  However, in the exhibits Plaintiff attaches to his Complaint, Defendant Evans appears to have forwarded Plaintiff's requests regarding his name change to the individual responsible for such a request.   Further, Plaintiff has not requested that his name be changed based upon any constitutional right.  See *Salaam v. Lockhart*, 905 F.2d 1168 (8th Cir. 1990) (holding that prison's policy of using only committed names on prison records and clothing was unreasonable restraint on First Amendment rights of inmate who changed his name after incarceration and conversion to the Muslim faith).  Accordingly, Plaintiff has failed to state a claim against Defendant Evans.

      F.      *Defendant Brewer*

Although Defendant Brewer is named in the caption of Plaintiff's Complaint, he is not mentioned in the body of Plaintiff's Complaint or Amended Complaint.  According to the exhibits attached to Plaintiff's Complaint, it appears that Defendant Brewer responded to Plaintiff's requests regarding his classification status.  However, such action is insufficient to state a constitutional claim.  Further, Plaintiff has no liberty interest in his prison classification.  See *Moody v. Daggett*, 429 U.S. 78, 88 n. 9 (1976) and *Madewell v.*

*Roberts*, 909 F.2d 1203, 1207 (8th Cir. 1990). Accordingly, Plaintiff's claims against Defendant Brewer fail.

  G. *Defendant Payne*

Although Plaintiff names Separate Defendant Payne as a Defendant in the caption of the Complaint, Plaintiff fails to make any allegations against Defendant Payne in either the Complaint or Amended Complaint. Plaintiff does not mention Defendant Payne's name when describing events giving rise to his claims; nor does he state how Defendant Payne violated his constitutional rights. Based upon the attachments to Plaintiff's Complaint, it appears that Plaintiff attempts to hold Defendant Payne liable based upon her responses to Plaintiff's grievances. However, in a recent unpublished opinion, the United States Court of Appeals for the Eighth Circuit held that a prison official's denial of grievances was insufficient to impose liability under § 1983. See *Rowe v. Norris*, 198 Fed. Appx. 579, *1 (8th Cir. 2006) (unpublished) (per curiam). Accordingly, Plaintiff's claims against Defendant Payne fail.

  H. *Defendant Blankinship*

Plaintiff alleges that Defendant Blankinship intercepted mail from Plaintiff's grandmother that contained a letter from his life partner, Bryant McConnell. Plaintiff claims that Defendant Blankinship's interference with his mail violated his constitutional rights.

"Even though the courts have recognized that censorship is not permitted for privileged mail, . . . it is well established that intrusions into a prisoner's personal mail for security reasons do not contravene the strictures of the Constitution." *Bumgarner v. Bloodworth*, 768 F.2d 297, 301 (8th Cir. 1985) (relying upon *Wolff v. McDonnell*, 418 U.S. 539, 576-77, 94 S.Ct. 2963, 2984-2985 (1974) and *Jensen v. Klecker*, 648 F.2d 1179, 1182 (8th Cir. 1981) (per curiam)).  The United States Supreme Court has repeatedly allowed inspection of personal mail where "the legitimate government interest in the order and security of penal institutions justifies the imposition of certain restraints on inmate correspondence." *Procunier v. Martinez*, 416 U.S. 396, 412-413, 94 S.Ct. 1800, 1810-1811 (1974).  Here, Plaintiff does not allege that his grandmother's correspondence constituted privileged legal mail.  Further, Plaintiff does not allege that his First Amendment rights were hindered in any manner.  Because Defendant Blankinship's alleged interference with Plaintiff's personal mail falls short of stating a constitutional claim, Plaintiff's claim against Defendant Blankinship fails.

    I.    *Defendants Sanders and Selevy*

Even accepting the factual allegations in a Plaintiff's Complaint and Amended Complaint as true and holding him to less stringent standards, his broad conclusory allegations are insufficient to state a claim under 42 U.S.C. § 1983. *Haines v. Kerner*, 404 U.S. 519, 520-21, 92 S.Ct. 594, 596 (1972) (*per curiam*); *Grady v. Wilken*, 735 F.2d 303, 305 (8th Cir. 1984).  Plaintiff does not allege any facts in his Complaint or Amended

Complaint to state a claim against Defendants Sanders and Selvey. Although these Defendants are listed in the caption of the Complaint, they are not mentioned in the body of the Complaint or Amended Complaint. In addition, these Defendants are not mentioned in the attachments to either the Complaint or the Amended Complaint. Accordingly, the Court recommends that these Defendants be dismissed without prejudice.

   J. *Other Claims and Parties*

Plaintiff includes in his Amended Complaint a list of other officers who, he alleges, have harassed him and verbally threatened him in violation of his constitutional rights. However, Plaintiff does not name these individuals as Defendants in this lawsuit; nor does he specifically state how these individuals violated his constitutional rights. Accordingly, Plaintiff has failed to state any actionable § 1983 claim against those individuals.

In his Complaint and Amended Complaint, Plaintiff does specifically identify and describe the conduct of two individuals, Officers Jones and Phol, who allegedly harassed Plaintiff based upon his sexual orientation. Plaintiff claims that Officer Jones stated that he did not "give a damn" about Plaintiff or "no other inmate" [sic] and that he did not "give a damn about that black ass n*****."

Plaintiff alleges that Officer Phol sexually harassed him by asking Plaintiff first, if he was a homosexual, and then, asking Plaintiff to expose his buttocks. However, those

9

individuals are not named as party Defendants in this lawsuit. Further, even if Plaintiff had named those individuals as Defendants, Plaintiff's allegations are insufficient to state a claim under § 1983.

First, while Jones's comment is clearly offensive, the comment was not directed at Plaintiff, a white inmate; rather, the Court presumes that it was directed at Bryant McConnell who, according to Plaintiff's Complaint, is African-American. Because Mr. McConnell has not paid his filing fee or filed a complete application to proceed *in forma pauperis*, the Court has recommended that all claims made by Mr. McConnell be dismissed. Plaintiff cannot bring this claim on behalf of Mr. McConnell. *Martin v. Sargent*, 780 F.2d 1334 (8th Cir. 1985) (holding that a prisoner cannot bring claims on behalf of other prisoners).

With regard to Officer Phol's conduct, "sexual harassment, absent contact or touching, does not constitute unnecessary and wanton infliction of pain" to state an Eighth Amendment claim. *Howard v. Everett*, 208 F.3d 218, *1 (unpub. table op.) (8th Cir. 2000) (citing *Seltzer-Bey v. Delo*, 66 F.3d 961, 962-63 (8th Cir. 1995)). Accordingly, while the Court finds the conduct, as alleged, to be both disgusting and unprofessional, it falls short of supporting a constitutional claim.

In his Complaint and Amended Complaint, Plaintiff also includes a variety of other claims, but fails to specifically identify any Defendant who acted unconstitutionally. For example, Plaintiff claims that "they" have made "us" participate in numerous strip

searches; "they" have taken his personal items, including date book, photos, and Bible; and "they" have made him cut his hair in violation of First Amendment rights. Because Plaintiff has failed to specifically allege those individuals who acted unconstitutionally, these claims are not cognizable under § 1983. See *Martin v. Sargent*, 780 F.2d 1334, 1338 (8th Cir. 1985) (where complaint did not allege defendant's personal involvement in or direct responsibility for incidents that injured him, the claims were not cognizable under § 1983).

## IV. Conclusion:

The Court recommends that Complaint (#3) and Amended Complaint (#10) be DISMISSED for failure to state claims, and that Plaintiff Parker's application to proceed *in forma pauperis* (#9) be DENIED as moot.

DATED this 21st day of May, 2008.

_____
UNITED STATES MAGISTRATE JUDGE